JOHN W. ZEIGLER AND WIFE *v.* JOHN W. MEANS, ET AL.

**Judgment—Sale of Mortgaged Property—Foreclosure.**
> A judgment that plaintiffs are entitled to recover is not a judgment in personam.

**Sale of Mortgaged Property.**
> Where certain parties hold liens on a part of the real estate covered by a subsequent mortgage, which is foreclosed, they are entitled to judgment that other property of the defendant covered by the mortgage be first sold and the proceeds applied to the payment of the mortgage debt before the sale of the real estate upon which they hold liens.

APPEAL FROM BOYD CIRCUIT COURT.

November 13, 1874.

OPINION BY JUDGE COFER:

The judgment is not *in personam* against Mrs. Zeigler. The language is not that the parties named recover of her, but that "they are entitled to recover," etc. No execution can issue on such a judgment, and she is not prejudiced by it.

The mortgages passed the whole estate of Mrs. Zeigler in the real estate described in them, except the equity of redemption, and she thereby waived the homestead right, if she had any. *Wing Clark, et al., v. Hayden,* Mss. Opinion, September, 1874.

The evidence impeaching the validity of the acknowledgment of the mortgage to Pine is wholly insufficient to overturn the certificate of the clerk. The only evidence tending to prove that she did not acknowledge the mortgage as required by law is the testimony of Mrs. Zeigler herself, and in this she is flatly contradicted by Hampton, the clerk who took the acknowledgment. Besides her own testimony, there is no evidence whatever to establish the alleged coercion by her husband. The other mortgages are not attacked by either pleading or evidence.

Brown & Brown & Rice have vendors' liens on two fractions of lots sold by them respectively to Mrs. Zeigler; and these lots and

that conveyed to her by Hampton, seem to lie adjoining each other, and together make up the site upon which the hotel and out buildings are situated, and are all included in the mortgages. The court directed the personal property to be sold first, and the proceeds thereof to be applied to the satisfaction of the mortgage debts, and that the lots conveyed by Brown & Rice should be next sold, or so much of them as should be sufficient to pay the amount adjudged to them, and the balance due on the mortgage debts not paid by the proceeds of the personal property. The lot conveyed by Brown, or so much of it as shall be necessary to pay the purchase money due to him, is ordered to be sold; but there is no direction to sell the whole of this lot if the personal property and the balance of the proceeds of the lot conveyed by Brown & Rice fails to satisfy the mortgage debt, but such residue is directed to be raised by a sale of the Hampton lot, or so much of it as may be necessary for that purpose.

The lot conveyed by Brown and Rice to Mrs. Zeigler lies next to the lot she purchased from Hampton, and between it and the lot purchased from Brown. The whole of this lot is directed to be sold, but only so much of the lot purchased of Brown is directed to be sold as will pay the purchase money due to him. If less than the whole should pay Brown and the personal property and the Brown and Rice lot do not sell for enough to pay the balance due upon the judgment, it directs the balance to be raised by selling all or a part of the Hampton lot; and thus the defendants' property may not only be sacrificed, but any part of it not necessary to pay the debts may be rendered worthless by being cut into small parcels separated from each other. The judgment should have directed that the Brown lot be sold to pay first, the purchase money due on it, and secondly, to pay any balance due on the mortgage debts not paid by a sale of the personalty. If this proved insufficient to pay the balance of the mortgage debts, then the Brown & Rice lot should have been sold, or so much of it as would satisfy their lien, and the balance still remaining due on the mortgages; and if this failed to satisfy all, then the Hampton lot, or so much of it as should be necessary, should be sold.

A sale made even in this manner may result in sacrificing the appellants' property, but this cannot be avoided except by the consent of Brown for himself and as survivor of Rice, to have a lien only on a part of the property. He has a right to have that part sold separately, unless the other creditors will consent that he may be

paid in full account of the sale of the whole, and the appellants will consent that the whole may be sold together, and any excess over the debts be paid to them.

For the error indicated the judgment is *reversed,* and the cause remanded for a judgment in conformity to this opinion.

*Moore & Jones,* for appellants.
*A. Duvall,* for appellees.